**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| JUDITH MCMANN, individually, and on behalf of all others that are similarly situated, <br><br>     Plaintiff, <br><br> vs. <br><br> GENEX SERVICES, LLC, <br><br>     Defendant, <br> _____ / | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: _____ <br> ) <br> ) **COLLECTIVE ACTION** <br> ) <br> ) <br> ) |

### COMPLAINT

COMES NOW, Plaintiff, JUDITH MCMANN ("Plaintiff"), individually and on behalf of all other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant, GENEX SERVICES, LLC ("Defendant"), for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219, and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provide that suit under the Fair Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

1

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendant resides in and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

4.    Plaintiff JUDITH MCMANN is a resident of the State of Florida and was an employee of Defendant in this District during the three (3) years before the date on which this Complaint was filed.

5.    Plaintiff brings this case on behalf of herself and all other similarly situated individuals who currently work for or who worked for Defendant during the three (3) years before the date on which this Complaint was filed.

6.    During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendant as a medical case manager.

7.    At all times material, Plaintiff, and all similarly situated individuals, were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8.    The representative Plaintiff signed an opt-in consent form to join this lawsuit. *See* Exhibit A.

2

9.     Defendant GENEX SERVICES, LLC, is a foreign limited liability company with a principal address of 440 East Swedesford Road, Suite 1000, Wayne, Pennsylvania 19087.

10.     Defendant is registered to do business in the State of Florida and has employees working throughout the state, including operations throughout this District in Bay County, Escambia County, Santa Rosa County, Okaloosa County, and Walton County.

11.     Defendant, at all times material, is an "employer" of the Plaintiff, and all others similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

12.     Defendant provides case management services to its clients, which include various employers and workers' compensation insurers.

13.     Defendant, as part of its business, engages in interstate commerce by, but not limited to, providing managed care services in Florida, transacting business with foreign corporations which were part of interstate commerce, purchasing materials and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

Defendant also works with insurance companies and medical providers in Florida and outside of Florida.

14.    Furthermore, Defendants obtained, exchanged, and sent/received funds to and from of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15.    Defendant has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

16.    Defendant controlled the day to day operations of its business and was actively involved in the day to day operations of the same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for services, and other business operations.

17.    Defendants supervised the operations of its business, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

18.    Plaintiff worked for Defendant as a medical case manager from approximately January 2018 through March 2019.

19.    Plaintiff and all similarly situated individuals employed by Defendant as medical case managers, or in similarly titled positions, provided case management and care coordination services. As case managers, Plaintiff and all similarly situated individuals' primary job was the performance of non-exempt work, including, among other things, scheduling appointments for injured workers, assisting with referrals to specialists, attending appointments with injured workers, developing care plans, requesting medical records, documenting case activity, maintaining phone contact with the client, and completing mandatory reports for insurance carriers.

20.    Defendant did not require Plaintiff or the similarly situated individuals to be licensed as Registered Nurses and individuals without a background in nursing were employed by Defendant as case managers.

21.    Plaintiff regularly worked more than forty (40) hours per week.

22.    Plaintiff and all similarly situated individuals were paid a salary with no overtime pay.

23.    Plaintiff and all similarly situated individuals were misclassified as exempt from overtime pay.

24.    Defendant suffered and permitted Plaintiff and all similarly situated individuals to work more than forty (40) hours per week without overtime pay.

25.     Defendant has been aware, or should have been aware, that Plaintiff and all similarly situated individuals primarily performed non-exempt work that required payment of overtime compensation.

26.     Defendant also required Plaintiff and all similarly situated individuals to work long hours and on weekends, including overtime hours, to complete all of their job responsibilities and to meet Defendant's productivity standards.

27.     Plaintiff's supervisor knew that Plaintiff and all similarly situated individuals were working overtime hours because they required Plaintiff and others to work overtime hours and/or were present during those hours.

28.     Although they had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff or the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

29.     Representative Plaintiff, JUDITH MCMANN, brings this case as a collective action on behalf of herself and other similarly-situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

30.     The proposed collective class of similarly-situated persons is defined as follows:

6

All persons who are or have been employed by Defendant, its subsidiaries or affiliated companies, as "medical case managers" or others similarly titled positions in the State of Florida during the three (3) year period immediately preceding the filing of the Complaint.

31. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and Defendant's compensation policies and procedures.

32. Plaintiff and the prospective class members worked in excess of forty (40) hours per week during the applicable statutory period.

33. Defendant encouraged, suffered and permitted Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

34. Defendant knew that the Representative Plaintiff and the collective class performed work that required additional wages and/or overtime compensation to be paid. Nonetheless, Defendant intentionally misclassified Plaintiff and the collective class members as "exempt" employees to deprive them of overtime compensation.

35.    Defendant's conduct, as alleged herein, was willful and has caused significant damages to Plaintiff and the collective class.

36.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the collective class. Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA, as well as the other relief requested herein.

37.    The exact size of the collective class is unknown, but the precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices. Plaintiff estimates that there are over 150 case managers in Florida.

## COUNT I – FAILURE TO PAY OVERTIME UNDER THE FLSA

38.    Plaintiff re-allege and incorporate Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

39.    Plaintiff and the putative class members were employed by Defendant as medical case managers during the three (3) year period immediately preceding the filing of the Complaint.

40.    Plaintiff and the putative class members are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

41.    The primary duty of the medical case managers employed by Defendant, such as Plaintiff and the putative class members, is the performance of non-exempt work, including, but not limited to, scheduling appointments for injured workers, locating specialist providers, personally escorting injured workers to their appointments, developing care plans, requesting medical records, documenting case activity, maintaining phone contact with the client, and completing mandatory reports for insurance carriers.

42.    The primary job duties of Plaintiff and the putative class members do not require any advanced knowledge in a field of science or learning obtained through a prolonged course of specialized instruction.

43.    Plaintiff and the putative class members were not exempt from receiving overtime compensation under the FLSA.

44.    Plaintiff and the putative class members performed the essential duties required of them while employed by Defendant.

45.    Plaintiff and the putative class members performed services for Defendant which were the same services Defendant contracted with insurance companies to perform.

46.    During the three (3) year period immediately preceding the filing of the Complaint, Plaintiff and the putative class members regularly worked, at Defendant's insistence, in excess of forty (40) hours per week.

47.    Defendant, at all times material, is an "employer" of the Plaintiff, and all others similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203(d).

48.    Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

49.    Defendant suffered and permitted Plaintiff and the putative class members to work more than forty (40) hours per week during weeks within the statutory period without paying overtime compensation.

50.    Defendant failed and refused to properly compensate Plaintiff and the putative class members at the proper overtime rate for each hour worked in excess of forty (40) hours per work week.

51.    By failing to accurately record, report, and/or preserve records of the hours worked by plaintiff in the putative class members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

52.    Defendant knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff and the putative class members as alleged herein was in violation of the FLSA.

53.    The actions of Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

54.    Because of Defendant's actions, Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

55.    As a result of the unlawful acts of Defendant, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff, JUDITH MCMANN, individually and on behalf of all others similarly situated, by and through her attorney, pray for the following relief:

A.    Designation of this action as a collective action on behalf of Plaintiff and the putative class members and prompt issuance of notice pursuant 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

11

B.      Appoint Law Offices of Jeremiah J. Talbott as counsel for the Plaintiffs;

C.      Declare and find that the Defendants committed one or more of the following acts:

i.   Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and,

ii.  Willfully violated the minimum wage, and overtime provisions of the FLSA.

D.      Judgment against Defendant in the amount of Plaintiff's and the putative class members' unpaid overtime wages applicable overtime rate;

E.      Award liquidated damages on all compensation due accruing from the date such amounts were due;

F.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

G.      Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

H.      Grant leave to amend to add claims under applicable federal laws;

I.      Grant leave to add additional plaintiffs by motion, the filing of written

12

consent forms, or any other method approved by the Court; and,

J.      For such further relief as the Court deems just and equitable.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 25th day of March, 2019.

/s/Jeremiah J. Talbott

Jeremiah J. Talbott, Esquire
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, FL  32503
Phone: (850) 437-9600
Fax: (850) 437-0906
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*

13